UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE CO.,
GEICO INDEMNITY CO., GEICO GENERAL INSURANCE
COMPANY and GEICO CASUALTY CO.,

                                                   Docket No.:

                           Plaintiffs,         1:18-CV-02852 (JBW)(PK)


        -against-


A.R.A MEDICAL CARE, P.C., et al.

                           Defendants.

---------------------------------------------------------------------------X


**<u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR
DEFAULT JUDGMENT PURSUANT TO FED. R. CIV. P. 55(b)(2)</u>**



                                  Respectfully submitted,

                                  RIVKIN RADLER LLP
                                  926 RXR Plaza
                                  Uniondale, New York 11556-0926
                                  RR File No.:  5100-830
                                  Telephone:    (516) 357-3000
                                  Facsimile:    (516) 357-3333

                                  *Counsel for Plaintiffs, Government Employees
Insurance Co., GEICO Indemnity Co., GEICO
General Insurance Company and GEICO Casualty
Co.*

Of Counsel:
Barry I. Levy, Esq. (BL 2190)
Michael A. Sirignano, Esq. (MS 5263)
Priscilla D. Kam, Esq. (PK 1505)

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................ 1

RELEVANT FACTS ......................................................................................................... 2

    I.    Pertinent Procedural History ................................................................................ 2

    II.   GEICO's Allegations Against The Defaulting Defendants ................................... 2

ARGUMENT ..................................................................................................................... 5

    I.    The Standards on This Motion .............................................................................. 5

    II.   The Facts Set Forth in GEICO's Complaint Establish GEICO's
           Entitlement to Default Judgments Against the Defaulting Defendants ................. 8

         A.   GEICO is Entitled to a Default Judgment against Defaulting
               Defendant Therapeutic Chiro on its First Cause of Action for a
               Declaratory Judgment ............................................................................... 8

         B.   GEICO is Entitled to Default Judgments against the Defaulting
               Defendants on its Cause of Action for Common Law Fraud.................... 11

         C.   GEICO is Entitled to Default Judgments against the Defaulting
               Defendants on its Cause of Action for Unjust Enrichment...................... 17

         D.   GEICO is Entitled to a Default Judgment against Hershkowitz
               on its Substantive RICO 18 U.S.C. § 1962(c) Causes of Action............. 18

               1.   The Enterprise ............................................................................. 18

               2.   The Racketeering Activity ........................................................... 19

               3.   The Participation ......................................................................... 20

               4.   The Pattern .................................................................................. 21

          E.   GEICO is Entitled to a Default Judgment Against Hershkowitz
               on its Substantive RICO 18 U.S.C. § 1962(d) Cause of Action ............. 25

    III.  GEICO is Entitled to Treble Damages on its RICO Claims ............................... 27

    IV.  GEICO is Entitled to Pre-Judgment Interest on its Fraud Claims ....................... 27

CONCLUSION................................................................................................................. 29

i

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

AIU Insurance Co. v. Olmecs Med. Supply, Inc.,
    2005 U.S. Dist. LEXIS 29666 (E.D.N.Y. 2005)....................................................................17

Allstate Ins. Co. v. Ahmed Halima,
    2009 U.S. Dist. LEXIS 22443 (E.D.N.Y. 2009)..................................................5, 12, 16, 21

Allstate Ins. Co. v. Bogoraz,
    818 F. Supp. 2d 544 (E.D.N.Y. 2011) ...................................................................................21

Allstate Ins. Co. v. Dublin,
    2015 U.S. Dist. LEXIS 125763 (E.D.N.Y. 2015)..................................................................12

Allstate Ins. Co. v. Howell,
    2013 WL 5447152 (E.D.N.Y. 2013).......................................................................................27

Allstate Ins. Co. v. Lyons,
    2016 U.S. Dist. LEXIS 124383 (E.D.N.Y. 2016)....6, 12, 14, 15, 16, 17, 18, 19, 21, 24, 26, 27

Allstate Ins. Co. v. Lyons,
    2016 U.S. Dist. LEXIS 138033 (E.D.N.Y. 2016)......................................................................6

Allstate Ins. Co. v. Lyons,
    843 F. Supp. 2d 358 (E.D.N.Y. 2012) .......................................................5, 12, 15, 16, 19, 23

Allstate Ins. Co. v. Mirvis,
    2015 U.S. Dist. LEXIS 37780 (E.D.N.Y. Mar. 2015)................................................19, 21, 26

Allstate Ins. Co. v. Nazarov,
    2015 U.S.Dist. LEXIS 134481 (E.D.N.Y. 2015)....................................................................18

Allstate Ins. Co. v. Polack,
    2012 U.S. Dist. LEXIS 141927 (E.D.N.Y. 2012).........................................................7, 10, 12

Allstate Ins. Co. v. Smirnov,
    2013 U.S. Dist. LEXIS 138180 (E.D.N.Y. 2013)....................................7, 10, 12, 20, 21, 26

Allstate Ins. Co. v. Valley Physical Med. & Rehab., P.C.,
    2009 U.S. Dist. LEXIS 91291 (E.D.N.Y. 2009).....................................................5, 19, 22, 26

Allstate Ins. Co. v. Williams,
    2014 U.S. Dist. LEXIS 170191 ...........................................................................8, 12

Allstate Insurance. Co. v. Etienne,
    2010 U.S. Dist. LEXIS 113995 (E.D.N.Y. 2010) ...................................................15

Allstate v. Williams,
    2015 U.S. Dist. LEXIS 126020 (E.D.N.Y. 2015)...............................12, 16, 19, 21, 24, 26, 27

American Home Assurance Co. v. Morris Industrial Builders, Inc.,
    192 A.D.2d 477, 597 N.Y.S.2d 27 (2d Dept. 1993) ............................................28

Au Bon Pain Corp. v. Artect, Inc.,
    653 F.2d 61 (2d Cir. 1981). See also Gov't Emples. Ins. Co. v. AMD
    Chiropractic, P.C., 2013 U.S. Dist. LEXIS 130695 (E.D.N.Y. 2013)......................................5

Cardinal Chem. Co. v. Morton Int'l, Inc.,
    508 U.S.83 (1993)..................................................................................8

Cont'l Ins. Co. v. Huff Enters.,
    2009 U.S. Dist. LEXIS 104126 (E.D.N.Y. 2011) ...................................................6

De Falco v. Bernas,
    244 F.3d 286 (2d Cir. 2001)...........................................................................20, 22

E.R. Squibb & Sons, Inc. v. Lloyd's & Co.,
    241 F.3d 154 (2d Cir. 2001)...........................................................................9

GEICO v. Alrof, Inc.,
    2013 U.S. Dist. LEXIS 135880 (E.D.N.Y. 2013) ..................................................14

Golden Pacific Bancorp v. F.D.I.C.,
    273 F.3d 509 (2d Cir. 2001)............................................................................17

Gov't Emples. Co. v. Zemlyansky,
    2015 U.S. Dist. LEXIS 130582 (E.D.N.Y. 2015) (Brodie, J.)..................................7

Gov't Emples. Ins. Co., et al. v. Damien,
    2011 U.S. Dist. LEXIS 138365 (E.D.N.Y. 2011)...........................8, 15, 16, 17, 19, 21, 22, 27

Gov't Emples. Ins. Co. v. Badia,
    2015 U.S. Dist. LEXIS 35224 (E.D.N.Y. 2015)..6, 8, 12, 14, 15, 16, 17, 18, 19, 24, 26, 27, 28

Gov't Emples. Ins. Co. v. Esses,
    2013 U.S. Dist. LEXIS 184213 (E.D.N.Y. 2013)..............................................7, 10, 12, 20, 26

Gov't Emples. Ins. Co. v. Eva Gateva, M.D.,
    2014 U.S. Dist. LEXIS 44878 (E.D.N.Y. 2014)............6, 10, 12, 15, 16, 17, 19, 20, 21, 26, 27

Gov't Emples. Ins. Co. v. Gateva,
    2014 U.S. Dist. LEXIS 42648 (Brodie, J.) ...............................................................................6

Gov't Emples. Ins. Co. v. Hollis Medical Care, P.C.,
    2011 U.S. Dist. LEXIS 130721 (E.D.N.Y. 2011)...................................................5, 14, 20, 26

Gov't Emples. Ins. Co. v. Iav Med. Supply,
    2013 U.S. Dist. LEXIS 28609 (E.D.N.Y. 2013)......................................................................7

Gov't Emples. Ins. Co. v. Infinity Health Prods.,
    2012 U.S. Dist. LEXIS 58058 (E.D.N.Y. 2012)...............................................7, 10, 14, 15, 28

Gov't Emples. Ins. Co. v. Li-Elle Serv.,
    2013 U.S. Dist. LEXIS 31630 (E.D.N.Y. 2013)................................................6, 12, 16, 17, 28

Gov't Emples. Ins. Co. v. Parkway Med. Care, P.C.,
    2017 U.S. Dist. LEXIS 24994 (E.D.N.Y. 2017)........................................................6, 15, 17, 24

Gov't Emples. Ins. Co. v. Premier Prof'l. Servs. LLC,
    2016 U.S. Dist. LEXIS 35447 (E.D.N.Y. 2016).......................................................................6

Gov't Emples. Ins. Co. v. Prescott, et al.,
    1:14-cv-00057 (E.D.N.Y. Dec. 2014) (BMC) ............................................................7, 12, 27

Gov't Emples. Ins. Co. v. Sanni-Thomas,
    2015 U.S. Dist. LEXIS 135117 (E.D.N.Y. 2015)...........................7, 12, 16, 19, 21, 24, 26, 27

Gov't Emples. Ins. Co. v. Scheer,
    2014 U.S. Dist. LEXIS 141431 (E.D.N.Y. 2014)...............................12, 17, 20, 21, 24, 26, 27

Gov't Emples. Ins. Co. v. Simakovsky,
    2015 U.S. Dist. LEXIS 13567 (E.D.N.Y. 2015)..................................12, 16, 19, 21, 24, 26, 27

Gov't Emples. Ins. Co. v. Spectrum Neurology Group, LLC,
    2016 U.S. Dist. LEXIS 19960 (E.D.N.Y. 2016).....................................................6, 12, 15, 16

H.J. Inc. v. Northwestern Bell Telephone Co.,
    492 U.S. 229 (1989).............................................................................................................22

Kaye v. Grossman,
    202 F.3d 611 (2d Cir. 2000).................................................................................................17

Lazard Freres & Company v. Protective Life Insurance Company,
    108 F.3d 1531 (2d Cir. 1997)...............................................................................................15

iv

Lerner v. Fleet Bank, N.A.,
    459 F.3d 273 (2d Cir. 2006)..................................................................13

Lewis v. S.L. & E., Inc.,
    831 F.2d 40 (2d Cir. 1987)....................................................................28

Liberty Ins. Corp. v. Brenman,
    2016 U.S. Dist. LEXIS 26360 (E.D.N.Y. 2016)........................................5

Liberty Mut. Ins. Co. et al v. Ellina Matskina, L.Ac. et al.,
    E.D.N.Y. Case No. 1:14-cv-01330-BMC .................................................10

Liberty Mut. Ins. Co. v. Accurate Med. Diagnostics, PC,
    2014 U.S. Dist. LEXIS 174503 (E.D.N.Y. 2014)..........6, 12, 15, 16, 17, 18, 19, 21, 24, 26, 27

Liberty Mut. Ins. Co. v. Excel Imaging, P.C.,
    2012 U.S. Dist. LEXIS 86303 (E.D.N.Y. 2012)........................................5

Liberty Mut. Ins. Co. v. Excel Imaging, P.C.,
    879 F. Supp. 2d 243 (E.D.N.Y. 2012) ("Liberty Insurance's allegations that
    Excel was owned and controlled by the Management Defendants and that the
    Nominal Owner Defendants agreed to serve as the 'paper' owners of Excel in
    exchange for a fee are sufficient to support the claim that the defendants
    actively participated in the creation or management of Excel.")............................21

Liberty Mutual, et al., v. Matskina et al.,
    Docket No. 14-CV-1330 (BMC) (E.D.N.Y. 2014)....................................6

Manufacturers Hanover Trust Co. v. Drysdale Sec. Corp.,
    801 F.2d 13 (2d Cir.1986)....................................................................27

Maryland Casualty Co. v. Rosen,
    445 F.2d 1012 (2d Cir. 1971)................................................................9

Mason Tenders v. Taher Contracting Co., Inc.,
    2005 U.S. Dist. LEXIS 43364 (S.D.N.Y. 2005).........................................5

Metro. Transp. Auth. v. Contini,
    2005 WL 1565524 (E.D.N.Y. 2005)......................................................23

Morin v. Trupin,
    835 F. Supp. 126 (S.D.N.Y. 1993) ........................................................26

Moss v. Morgan Stanley, Inc.,
    719 F.2d 5 (2d Cir. 1993)....................................................................18

v

NAP, Inc. v. Shuttletex, Inc.,
  112 F. Supp. 2d 369 (S.D.N.Y. 2000) ......................................................................9

Olin Corp. v. Consol. Aluminum Corp.,
  5 F.3d 10 (2d Cir. 1993) ...........................................................................................8

Orion Pictures Corp. v. Showtime Networks, Inc.,
  4 F.3d 1095 (2d Cir. 1993) .......................................................................................9

Perfect Dental, PLLC v. Allstate Insurance Company,
  538 F. Supp. 2d 543 (E.D.N.Y. 2007) ...................................................................10

Powers v. British Vita, P.L.C.,
  57 F.3d 176 (2d Cir. 1995) .....................................................................................14

S&S Mach. Corp. v. Wuhan Heavy Duty Mach. Tool Group Co.,
  2012 U.S. Dist. LEXIS 38608 (E.D.N.Y. 2012) .....................................................6

Schlaifer Nance & Co. v. Estate of Warhol,
  119 F.3d 91 (2nd Cir. 1997) ...................................................................................11

Schwimmer v. Allstate Ins. Co.,
  176 F.3d 648 (2d Cir. 1999) ...................................................................................27

Shields v. Citytrust Bancorp,
  25 F.3d 1124 (2d Cir. 1994) ...................................................................................14

SKS Constructors, Inc. v. Drinkwine,
  458 F. Supp. 2d 68 (E.D.N.Y. 2006) ...............................................................22, 23

Spool v. World Child Int'l Adoption Agency,
  520 F.3d 178 (2d Cir. 2008) ...................................................................................22

State Farm Mut. Auto. Ins. Co. v. Cohan,
  2009 U.S. Dist. LEXIS 125653 (E.D.N.Y. 2009) ...........................7, 10, 12, 22, 23

State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.,
  2008 U.S. Dist. LEXIS 71156 (E.D.N.Y. 2008) ..............................12, 18, 20, 26

State Farm Mut. Auto. Ins. Co. v. Grafman,
  655 F. Supp. 2d 212 (E.D.N.Y. 2010) ..............................................................13, 19

State Farm Mut. Auto. Ins. Co. v. James M. Liguori, M.D., P.C.,
  589 F. Supp. 2d 221 (E.D.N.Y. 2008) ..............................................................12, 17, 20

State Farm Mut. Auto. Ins. Co. v. Kalika,
  2006 U.S. Dist. LEXIS 97454 (E.D.N.Y. 2006) ...................................................23

State Farm Mut. Auto. Ins. Co. v. Rabiner,
  2010 WL 4363903 (E.D.N.Y. 2010)...............................................................5, 12

State Farm v. Eastern Medical, P.C.,
  Docket No. 05-cv-3804 (ENV) (E.D.N.Y. 2010) ....................................................5

Terwilliger v. Terwilliger,
  206 F.3d 240 (2nd Cir. 2000)..............................................................................27

Tosto v. Zelaya,
  2003 U.S. Dist. LEXIS 8085 (S.D.N.Y. 2003) .....................................................27

Transamerica Ins. Finance Corp. v. Fireman's Fund Ins. Co.,
  1992 U.S. Dist. LEXIS 17633 (S.D.N.Y. 1992) ....................................................15

United States v. Yanotti,
  541 F.3d 112 (2d Cir. 2008)................................................................................26

Universal Acupuncture. v. State Farm Mutual Automobile Ins. Co.,
  196 F. Supp. 2d 378 (S.D.N.Y. 2002)....................................................................9

**Statutes**

U.S.C. § 1961(1)(B) ........................................................................................19

18 U.S.C. § 1341 ............................................................................................19

18 U.S.C. § 1961(4) ........................................................................................18

18 U.S.C. § 1961(5) ........................................................................................21

18 U.S.C. § 1962(c) .....................................................................................1, 18

18 U.S.C. § 1962(d) ....................................................................................1, 25

18 U.S.C. §1964(c) .........................................................................................27

28 U.S.C. § 2201(a) ..........................................................................................8

Insurance Law § 5102(a)(1) ..............................................................................9

RICO ...............................................................1, 7, 18, 20, 21, 22, 25, 26, 27

State Insurance Law ........................................................................................16

**Other Authorities**

11 N.Y.C.R.R. § 65-3.11 ...................................................................................9

11 N.Y.C.R.R. § 65-3.16(a)(12) ............................................................................9

C.P.L.R. § 5001(b) ...........................................................................................27

Fed. R. Civ. P. 9(b) ...........................................................................................13

Fed. R. Civ. P. 55(a) ........................................................................................1, 5

Federal Rules of Civil Procedure Rule 55(b)(2) ...............................1, 5, 6, 7, 8

Insureds' "No-Fault" .........................................................................................4

Moore's Federal Practice § 55.20[4] .................................................................5

N.Y. C.P.L.R. § 5001 ........................................................................................27

N.Y. C.P.L.R. §§ 5001(a), 5004 .......................................................................28

Rule 55(b)(1)(10) ...............................................................................................5

## PRELIMINARY STATEMENT

Plaintiffs Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company (collectively, "Plaintiffs" or "GEICO"), respectfully submit this memorandum of law in support of their motion for entry of a default judgment against Defendants Therapeutic Chiropractic Services, P.C. ("Therapeutic Chiro") and David Hershkowitz, D.C. ("Hershkowitz") (together, the "Defaulting Defendants"), pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, together with such other and further relief as to the Court may deem just and proper. Specifically, GEICO seeks a default judgment:

(i)    on its First Cause of Action against Therapeutic Chiro and Hershkowitz for a Declaratory Judgment;

(ii)    on its Thirty-Second Cause of Action against Hershkowitz for violations of the civil RICO statute, 18 U.S.C. § 1962(c);

(iii)    on its Thirty-Third Cause of Action against Hershkowitz for violations of the civil RICO statute, 18 U.S.C. § 1962(d);

(iv)    on its Thirty-Fourth Cause of Action against Therapeutic Chiro and Hershkowitz for common law fraud; and

(v)    on its Thirty-Fifth Cause of Action against Therapeutic Chiro and Hershkowitz for unjust enrichment.

The record is clear. Both of the Defaulting Defendants were duly served with the Summons and Complaint in this action but failed to timely appear. The Clerk of the Court, in accordance with Fed. R. Civ. P. 55(a), has entered the Defaulting Defendants' defaults, and the individual defendant subject to this motion – Hershkowitz – does not currently serve in the United States Military. As set forth more fully below, given these facts and the facts established by the Defaulting Defendants' respective defaults, GEICO's Complaint sets forth, among other claims, legally sufficient claims against both of the Defaulting Defendants.

Accordingly, GEICO respectfully requests that default judgments be entered against the Defaulting Defendants as set forth above, including damages against the Defaulting Defendants plus interest, the costs and disbursements incurred in connection with the prosecution of this action, as well as such other and further relief as to the Court may deem just and proper.

**RELEVANT FACTS**

**I.      Pertinent Procedural History**

True and correct copies of the Summons and Complaint (the "Complaint") were served on both of the Defaulting Defendants that are subject to this motion and all proofs of service were subsequently filed with the Court via ECF. See accompanying December 13, 2018 Declaration of Priscilla Kam ("Kam Decl."), Docket Nos. 15 and 22.[1]

Due to the Defaulting Defendants' failure to appear in this action, the Clerk of the Court, on GEICO's motion, entered their defaults on September 17, 2018. See Docket Nos. 30-31. Although Gabriel & Shapiro LLC filed notices of appearance on behalf of the Defaulting Defendants (see Docket No. 25), the Defaulting Defendants have never answered, sought an extension, or taken any action in the case whatsoever beyond the filing of the notices of appearance – despite the passage of nearly six months.

Thereafter, by Order To Show Cause dated November 11, 2018, the Court directed GEICO to file a formal motion for default judgment in this action as to the Defaulting Defendants by December 13, 2018.

**II.     GEICO's Allegations Against The Defaulting Defendants**

The facts relating to the claims and the damages sought in this action are set forth more fully in the Complaint, as well as the Kam Decl. and the Declaration of Robert Weir ("Weir

---

[1] Unless otherwise noted, all exhibits referenced herein are annexed to the Kam Decl., submitted herewith.

Decl.") that accompany this memorandum of law, together with the exhibits annexed thereto. GEICO respectfully refers the Court to those materials for the full contours of the Defaulting Defendants' fraudulent schemes.

Briefly, however, this action seeks to recover monies that the Defaulting Defendants have wrongfully stolen from GEICO by submitting, and causing to be submitted, thousands of fraudulent No-Fault insurance bills through Therapeutic Chiro seeking reimbursement for medically unnecessary, illusory, and unreimburseable chiropractic services  (the "Fraudulent Services"), that allegedly were provided to individuals who were involved in automobile accidents and eligible for coverage under GEICO automobile insurance policies (hereinafter "Insureds").  See Docket No. 1, passim.

In particular, GEICO's Complaint alleges in detail that:

(i)     Therapeutic Chiro is fraudulently incorporated and/or unlawfully owned, controlled, and operated by unlicensed laypersons;

(ii)    the Defaulting Defendants submitted claims for the Fraudulent Services which were not medically necessary and were provided – to the extent they were provided at all – pursuant to pre-determined fraudulent protocols designed solely to maximize charges submitted to GEICO and to financially enrich the Defendants, rather than to treat or otherwise benefit the Insureds who purportedly were subjected to them;

(iii)   the current procedural terminology ("CPT") codes, or billing codes, used by the Defaulting Defendants in connection with the billing for the Fraudulent Services misrepresented and exaggerated the level of services that purportedly were rendered in order to inflate the charges submitted to GEICO;

(iv)    the Defaulting Defendants were ineligible to bill for or to collect No-Fault Benefits in connection with the Fraudulent Services because the Fraudulent Services were performed – to the extent that they were performed at all – pursuant to illegal kickback, referral and fee-splitting arrangements with unlicensed individuals and entities as part of a scheme to defraud New York automobile insurers; and

3

(v) the Defaulting Defendants were ineligible to bill for or collect No-Fault Benefits for the Fraudulent Services because they were performed – to the extent that they were performed at all – by independent contractors, rather than by the Defaulting Defendants' employees.

See Docket No. 1, ¶¶ 2-6, 30-91, 129-143, 291-324, 335-368, passim.

As further set forth in the Complaint, the Fraudulent Services rendered and billed by the Defaulting Defendants were the product of a multifaceted scheme perpetuated by the Defendants at a multidisciplinary "No-Fault clinic" located at 1552 Ralph Avenue, Brooklyn, New York (the "Ralph Ave Clinic"). The Ralph Ave Clinic was illegally owned and controlled by unlicensed laypersons (the "Management Defendants") who fraudulently incorporated, controlled, and operated multiple healthcare professional corporations at the Ralph Ave Clinic. As part of the scheme, the Management Defendants paid cash kickbacks to "runners" and others, including Insureds, in order to solicit Insureds to treat at the Ralph Ave Clinic pursuant to a predetermined, fraudulent treatment protocol designed to enrich the Defendants by exploiting the Insureds' "No-Fault" insurance benefits. Id. at ¶ 2. See also, Kam Decl., ¶ 8.

The Defendants then billed GEICO for a laundry-list of high frequency, repetitive and unnecessary treatments, using as "fronts" the licenses and tax identification numbers of an ever-changing number of healthcare professionals and professional corporations, including the Defaulting Defendants who subjected Insureds to a course of medically unnecessary chiropractic services Id. at ¶ 291-324.

In addition to seeking recovery of $396,002.73 that GEICO paid in reliance on the fraudulent billing that the Defaulting Defendants submitted or caused to be submitted, GEICO seeks a declaration that it is not obligated to pay $627,943.28 in additional, pending fraudulent claims submitted, or caused to be submitted, by the Defaulting Defendants seeking payment for the Fraudulent Services. See Docket No. 1, passim.

4

## ARGUMENT

### I.    The Standards on This Motion

Rule 55(a) of the Federal Rules of Civil Procedure provides that the Clerk of the Court "must" enter a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by [the] rules." Id.

Where the plaintiff's claim is for a sum certain, the Clerk of the Court may enter a judgment of default pursuant to Rule 55(b)(1)(10). See Moore's Federal Practice § 55.20[4] (Matthew Bender 3d Ed). In all other cases, the party seeking the default judgment must apply to the Court.  See Fed. R. Civ. P. 55(b)(2); Mason Tenders v. Taher Contracting Co., Inc., 2005 U.S. Dist. LEXIS 43364 at *2 (S.D.N.Y. 2005). Since GEICO's damages are not for a liquidated amount, this application is being made to the Court.

Upon application to the Court, once found to be in default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability and the Court accepts those allegations as true.  Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).  See also Gov't Emples. Ins. Co. v. AMD Chiropractic, P.C., 2013 U.S. Dist. LEXIS 130695 at * 8 (E.D.N.Y. 2013), adopted by 2013 U.S. Dist. LEXIS 130671 (E.D.N.Y. 2013).[2] The Court, however, may also consider matters outside of the complaint in determining the

---

[2] Plaintiff notes that its claims are well plead.  In fact, there are many cases involving similar No-Fault fraud schemes, involving "fraudulently incorporated" and/or "unlawfully owned and controlled" entities, where the judges of the Eastern District have denied motions to dismiss claims virtually identical to those pleaded herein by GEICO. See, e.g., Liberty Ins. Corp. v. Brenman, 2016 U.S. Dist. LEXIS 26360 (E.D.N.Y. 2016); Liberty Mutual Fire Ins. Co., et al. v. Shapson,et al., 1:13-cv-05046(ENV) (PK) (E.D.N.Y. Mar. 2016); Liberty Mutual Ins. Co., et al. v. Advanced Medical Diagnostics of Queens, PC, et al., 1:13-cv-03758(ENV) (LB) (E.D.N.Y. Jan. 2016); Allstate Ins. Co., et al. v. Zelefsky, et al., 1:13-cv-05830(JFB) (AKT) (E.D.N.Y. June 2014); Allstate Ins. Co. v. Lyons, 843 F. Supp. 2d 358, 374-375 (E.D.N.Y. 2012); Liberty Mut. Ins. Co. v. Excel Imaging, P.C., 2012 U.S. Dist. LEXIS 86303 (E.D.N.Y. 2012); Gov't Emples. Ins. Co. v. Hollis Medical Care, P.C., 2011 U.S. Dist. LEXIS 130721 (E.D.N.Y. 2011); State Farm Mut. Auto. Ins. Co. v. Rabiner, 2010 WL 4363903 at *3-6 (E.D.N.Y. 2010); Allstate Ins. Co. v. Valley Physical Med. & Rehab., P.C., 2009 U.S. Dist. LEXIS 91291 (E.D.N.Y. 2009); Allstate Ins. Co. v. Ahmed Halima, 2009 U.S. Dist. LEXIS 22443 at *3-8 (E.D.N.Y. 2009); State Farm v. Eastern Medical, P.C., Docket No. 05-cv-3804 (ENV) (E.D.N.Y. 2010).

5

Defaulting Defendants' liability and whether default is appropriate. See Fed. R. Civ. P. 55(b) (2); S&S Mach. Corp. v. Wuhan Heavy Duty Mach. Tool Group Co., 2012 U.S. Dist. LEXIS 38608 at *20-22 (E.D.N.Y. 2012), adopted by 2012 U.S. Dist. LEXIS 38605; Cont'l Ins. Co. v. Huff Enters., 2009 U.S. Dist. LEXIS 104126 at *13-16 (E.D.N.Y. 2011).  Accordingly, in evaluating GEICO's application for default, the Court may consider, among other things, the Weir Decl., submitted herewith.

Notably, this Court has, in recent years, granted numerous default judgments to GEICO and other New York automobile insurers awarding damages on virtually identical claims and allegations as those contained in GEICO's complaint here. See, e.g., Gov't Emples. Ins. Co. v. Parkway Med. Care, P.C., 2017 U.S. Dist. LEXIS 24994 (E.D.N.Y. 2017), adopted by Gov't Emples. Ins. Co. v. Parkway Med. Care, P.C., 2017 U.S. Dist. LEXIS 43171 (E.D.N.Y. 2017); Allstate Ins. Co. v. Lyons, 2016 U.S. Dist. LEXIS 124383 (E.D.N.Y. 2016), adopted by Allstate Ins. Co. v. Lyons, 2016 U.S. Dist. LEXIS 138033 (E.D.N.Y. 2016); Liberty Mutual, et al., v. Matskina et al., Docket No. 14-CV-1330 (BMC) (E.D.N.Y. 2014); Liberty Mut. Ins. Co. v. Accurate Med. Diagnostics, PC, 2014 U.S. Dist. LEXIS 174503 (E.D.N.Y. 2014), adopted by 2014 U.S. Dist. LEXIS 174215 (E.D.N.Y. 2014); Gov't Emples. Ins. Co. v. Eva Gateva, M.D., 2014 U.S. Dist. LEXIS 44878 (E.D.N.Y. 2014), adopted by Gov't Emples. Ins. Co. v. Gateva, 2014 U.S. Dist. LEXIS 42648 (Brodie, J.).  See also  Gov't Emples. Ins. Co. v. Badia, 2015 U.S. Dist. LEXIS 35224 (E.D.N.Y. 2015), adopted by 2015 U.S. Dist. LEXIS 33667 (E.D.N.Y. 2015); Gov't Emples. Ins. Co. v. Li-Elle Serv., 2013 U.S. Dist. LEXIS 31630 (E.D.N.Y. 2013), adopted by 2014 U.S. Dist. LEXIS 38855 (E.D.N.Y. 2014); Gov't Emples. Ins. Co. v. Spectrum Neurology Group, LLC, 2016 U.S. Dist. LEXIS 19960 (E.D.N.Y. 2016), adopted by Gov't Emples. Ins. Co. v. Premier Prof'l. Servs. LLC, 2016 U.S. Dist. LEXIS 35447 (E.D.N.Y. 2016);

Gov't Emples. Ins. Co. v. Sanni-Thomas, 2015 U.S. Dist. LEXIS 135117 (E.D.N.Y. 2015), adopted by Gov't Emples. Co. v. Zemlyansky, 2015 U.S. Dist. LEXIS 130582 (E.D.N.Y. 2015) (Brodie, J.); Gov't Emples. Ins. Co. v. Prescott, et al., 1:14-cv-00057 (E.D.N.Y. Dec. 2014) (BMC); Gov't Emples. Ins. Co. v. Iav Med. Supply, 2013 U.S. Dist. LEXIS 28609 (E.D.N.Y. 2013), adopted by 2013 U.S. Dist. LEXIS 27722 (E.D.N.Y. 2013); Gov't Emples. Ins. Co. v. Infinity Health Prods., 2012 U.S. Dist. LEXIS 58058 (E.D.N.Y. 2012), adopted by 2012 U.S. Dist. LEXIS 58060 (E.D.N.Y. 2012); State Farm Mut. Auto. Ins. Co. v. Cohan, 2009 U.S. Dist. LEXIS 125653 (E.D.N.Y. 2009), adopted by 2010 U.S. Dist. LEXIS 21376 (E.D.N.Y. 2010).

The Court concluded that the plaintiffs in these cases, just as GEICO has in this matter, competently alleged and sufficiently established their entitlement to judgment on the claims for fraud, unjust enrichment, and RICO. See also Allstate Ins. Co. v. Smirnov, 2013 U.S. Dist. LEXIS 138180 (E.D.N.Y. 2013); Gov't Emples. Ins. Co. v. Esses, 2013 U.S. Dist. LEXIS 184213 (E.D.N.Y. 2013); Allstate Ins. Co. v. Polack, 2012 U.S. Dist. LEXIS 141927 (E.D.N.Y. 2012).

With respect to damages, in Cohan, supra, 2009 U.S. Dist. LEXIS 125653, at *9-10, this Court held that "[a] default 'effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged.'"  "The movant must prove that the 'compensation sought relate[s] to the damages that naturally flow from the injuries pleaded.'" Id., at *10 (quoting Greyhound Exhibit Group. v. E.L.U.L. Realty Corp., 973 F.2d 155, 159 (2d Cir. 1993)).   While this Court may conduct a hearing under Rule 55(b)(2) to determine the amount of damages, "[a]n evidentiary hearing is not required so long as there is a basis for the damages awarded[,]" such as "detailed affidavits and other documentary evidence."

Id. (citing Transatlantic Marine Claims Agency v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) and Action S.A. v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1991)) (emphasis added). See also Badia, supra, 2015 U.S. Dist. LEXIS 35224; Allstate Ins. Co. v. Williams, 2014 U.S. Dist. LEXIS 170191, adopted by 2014 U.S. Dist. LEXIS 168920 (E.D.N.Y. 2014); Gov't Emples. Ins. Co., et al. v. Damien, 2011 U.S. Dist. LEXIS 138365 (E.D.N.Y. 2011), adopted by 2011 U.S. Dist. LEXIS 136661 (E.D.N.Y. 2011).

GEICO demonstrates below that the facts it has pled in its complaint are legally sufficient to support each of the causes of action asserted against the Defaulting Defendants. Moreover, in the accompanying declarations and exhibits annexed thereto, GEICO sets forth not only an adequate basis for its claims, but also sufficient proof of its damages such that a hearing on damages is not required. Accordingly, GEICO respectfully requests entry of a default judgment against the Defaulting Defendants.

**II.      The Facts Set Forth in GEICO's Complaint Establish GEICO's Entitlement to Default Judgments Against the Defaulting Defendants**

> **A.      GEICO is Entitled to a Default Judgments against Defaulting Defendant Therapeutic Chiro on its First Cause of Action for a Declaratory Judgment**

Where, as here, a party seeks a declaratory judgment from a district court, it must show the existence of an "actual case or controversy" (Cardinal Chem. Co. v. Morton Int'l, Inc., 508 U.S.83, 95 (1993); 28 U.S.C. § 2201(a)), which is "real and substantial … admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Olin Corp. v. Consol. Aluminum Corp., 5 F.3d 10, 17 (2d Cir. 1993) (internal citations omitted).

Declaratory relief is appropriate where the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, or where it will terminate and afford relief

from the uncertainty, insecurity, and controversy giving rise to the proceedings. See Maryland Casualty Co. v. Rosen, 445 F.2d 1012, 1014 (2d Cir. 1971); E.R. Squibb & Sons, Inc. v. Lloyd's & Co., 241 F.3d 154, 175 (2d Cir. 2001). In deciding whether a plaintiff has stated a claim for declaratory relief, a federal court applies the substantive law of the forum state in which it sits. See NAP, Inc. v. Shuttletex, Inc., 112 F. Supp. 2d 369, 372 (S.D.N.Y. 2000); see also Universal Acupuncture. v. State Farm Mutual Automobile Ins. Co., 196 F. Supp. 2d 378, 385 (S.D.N.Y. 2002). A court has broad discretion to decide whether to render a declaratory judgment. See Orion Pictures Corp. v. Showtime Networks, Inc., 4 F.3d 1095, 1100 (2d Cir. 1993).

GEICO's Complaint establishes the existence of an actual case in controversy between GEICO and the Defaulting Defendants regarding an extensive and ongoing fraudulent scheme by the Defaulting Defendants. Specifically, GEICO's request for declaratory relief is based upon the fraudulent scheme whereby the Defaulting Defendants continue to seek payment based upon bills and treatment records that:

(i)     uniformly misrepresented that the Fraudulent Services were medically necessary and, in many cases, misrepresented that the Fraudulent Services actually were performed in the first instance. In fact, the Fraudulent Services were not medically necessary, in many cases were not actually performed, and, if performed, were performed pursuant to pre-determined fraudulent protocols designed solely to financially enrich the Defaulting Defendants, rather than to treat or otherwise benefit the Insureds who purportedly were subjected to them;

(ii)    uniformly misrepresented and exaggerated the level of the Fraudulent Services and the nature of the Fraudulent Services that purportedly were provided;

(iii)   uniformly misrepresented that Therapeutic Chiro was in compliance with all material licensing laws and, therefore, eligible to receive No-Fault Benefits pursuant to Insurance Law § 5102(a)(1) and 11 N.Y.C.R.R. § 65-3.16(a)(12). In fact, Therapeutic Chiro was not in compliance with all material licensing laws in that it was fraudulently incorporated and/or unlawfully owned, controlled, and operated by unlicensed laypersons; and

(iv)    uniformly misrepresented to GEICO that Therapeutic Chiro was eligible to receive No-Fault Benefits pursuant to Insurance Law § 5102(a)(1) and 11

> N.Y.C.R.R. § 65-3.11 for the services that supposedly were performed. In fact, Therapeutic Chiro was not eligible to seek or pursue collection of No-Fault Benefits for many of the services that supposedly were performed because the services were not provided by Therapeutic Chiro's employees, but rather by independent contractors in violation of the No-Fault laws and regulations.

See Docket No. 1, passim.

Because the Defaulting Defendants have defaulted and are deemed to have admitted these allegations, GEICO is entitled to a declaration that it is not obligated to pay outstanding claims submitted or caused to be submitted by the Defaulting Defendants and currently amounting to more than $627,943.28.  See Weir Decl., ¶ 11.

Further, on similar motions, Courts within the Eastern District have granted declaratory relief in substantially similar cases. See, e.g., Liberty Mut. Ins. Co. et al v. Ellina Matskina, L.Ac. et al., E.D.N.Y. Case No. 1:14-cv-01330-BMC; Gov't Emples. Ins. Co. v. Eva Gateva, M.D., 2014 U.S. Dist. LEXIS 44878 at *8-11; AMD Chiropractic, supra, 2013 U.S. Dist. LEXIS 130695 at *20-24; Smirnov, supra, 2013 U.S. Dist. LEXIS 138180; Gov't Emples. Ins. Co. v. Esses, 2013 U.S. Dist. LEXIS 184213; Allstate Ins. Co. v. Polack, 2012 U.S. Dist. LEXIS 141927; Gov't Emples. Ins. Co. v. Infinity Health Prods., 2012 U.S. Dist. LEXIS 58058 at *11-*14 (E.D.N.Y. 2012), adopted by 2012 U.S. Dist. LEXIS 58060 (E.D.N.Y. 2012); Cohan, supra, 2009 U.S. Dist. LEXIS 125653 at *11-*12; Perfect Dental, PLLC v. Allstate Insurance Company, 538 F. Supp. 2d 543, 549 (E.D.N.Y. 2007).

As set forth in the Weir Decl., Therapeutic Chiro defaulted in this federal action but is still attempting to collect from GEICO through prosecution of seventy-seven New York State collections actions pending in civil court and fourteen arbitration proceedings pending with the American Arbitration Association, involving $50,795.95 in purported outstanding billing. See Weir Decl., ¶ 12.

Accordingly, GEICO's Complaint establishes a proper claim for a declaratory judgment in the context of this matter, and the requested declaration should be granted.

**B.      GEICO is Entitled to Default Judgments against the Defaulting Defendants on its Cause of Action for Common Law Fraud**

A claim for common law fraud in New York requires facts demonstrating: (i) a material misrepresentation or omission of fact; (ii) made with knowledge of its falsity (i.e., scienter); (iii) reasonable reliance on the part of the plaintiff; and (iv) damages caused by the misrepresentation or omission. See Schlaifer Nance & Co. v. Estate of Warhol, 119 F.3d 91, 98 (2nd Cir. 1997). Given the facts set forth in GEICO's Complaint, and the Defaulting Defendants' admissions by virtue of their defaults, GEICO's fraud claims are legally sufficient.

First, GEICO's Complaint sets forth the actual misrepresentations and omissions that the Defaulting Defendants made, or caused to be made, in the billing and supporting documents that they submitted or caused to be submitted to GEICO. For example, the Complaint annexes a detailed chart (at Exhibit "9" thereto) that chronicles over fifteen thousand individual fraudulent charges wherein the Defaulting Defendants concealed the fact that: (i) Therapeutic Chiro was fraudulently incorporated and/or unlawfully owned and controlled by unlicensed laypersons and, therefore, was ineligible to bill for or to collect No-Fault benefits; (ii) the Fraudulent Services were not medically necessary and were provided – to the extent they were provided at all – pursuant to predetermined fraudulent protocols designed solely to financially enrich the Defendants, rather than to treat or otherwise benefit the Insureds who purportedly were subjected to them; (iii) the billing codes used for the Fraudulent Services misrepresented and exaggerated the level of services that purportedly were provided in order to inflate the charges submitted to GEICO; (iv) the Defaulting Defendants engaged in illegal kickback arrangements and/or unlawfully split fees with unlicensed individuals and entities as part of a scheme to defraud New

11

York automobile insurers and, therefore, are ineligible to bill for or to collect No-Fault benefits; and (v) in many instances, the Fraudulent Services were provided – to the extent that they were provided at all – by independent contractors rather than by Therapeutic Chiro's employees. See Docket No. 1, ¶¶ 22-6, 30-91, 129-143, 291-324, 335-368.

These types of allegations of misrepresentations clearly establish fraud. See, e.g., See, e.g., Lyons, supra, 2016 U.S. Dist. LEXIS 124383; Spectrum Neurology Group, LLC, supra, 2016 U.S. Dist. LEXIS 19960; Badia, supra, 2015 U.S. Dist. LEXIS 35224; Sanni-Thomas, supra, 2015 U.S. Dist. LEXIS 135117; Gov't Emples. Ins. Co. v. Simakovsky, 2015 U.S. Dist. LEXIS 13567 (E.D.N.Y. 2015), adopted by 2015 U.S. Dist. LEXIS 135488 (E.D.N.Y. 2015); Allstate v. Williams, 2015 U.S. Dist. LEXIS 126020 (E.D.N.Y. 2015), adopted by Allstate Ins. Co. v. Dublin, 2015 U.S. Dist. LEXIS 125763 (E.D.N.Y. 2015); Accurate Med., supra, 2014 U.S. Dist. LEXIS 174503; Williams, supra, 2014 U.S. Dist. LEXIS 170191, Gov't Emples. Ins. Co. v. Scheer, 2014 U.S. Dist. LEXIS 141431 (E.D.N.Y. 2014), adopted by 2014 U.S. Dist. LEXIS 140938 (E.D.N.Y. 2014); Prescott, supra, 1:14-cv-00057 (BMC); Gateva, supra, 2014 U.S. Dist. LEXIS 44878; Smirnov, supra, 2013 U.S. Dist. LEXIS 138180; Esses, supra, 2013 U.S. Dist. LEXIS 184213;  Li-Elle Serv., supra, 2013 U.S. Dist. LEXIS 31630;  Polack, supra, 2012 U.S. Dist. LEXIS 141927; Lyons, supra, 843 F. Supp. 2d at 374-375; Rabiner, supra, 749 F. Supp. 2d at 99-100, 103; Cohan, supra, 2009 U.S. Dist. LEXIS 125653; Halima, supra, 2009 U.S. Dist. LEXIS 22443 at *23; State Farm Mut. Auto. Ins. Co.  v. CPT Med. Servs., P.C., 2008 U.S. Dist. LEXIS 71156 at *52 (E.D.N.Y. 2008); State Farm Mut. Auto. Ins. Co. v. James M. Liguori, M.D., P.C., 589 F. Supp. 2d 221, 235-237 (E.D.N.Y. 2008).  As noted above, in addition to the allegations in the Complaint, GEICO has submitted a chart in the present case, evidencing thousands of fraudulent charges.  See Docket No. 1 at Exhibit "9".

Second, GEICO's Complaint establishes scienter. While "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally" (Fed. R. Civ. P. 9(b)), plaintiffs must allege facts that give rise to a strong inference of fraudulent intent." Lerner v. Fleet Bank, N.A., 459 F.3d 273, 290 (2d Cir. 2006) (quoting Acito v. IMCERA Group, Inc., 47 F.3d 47, 52 (2d Cir. 1995). The requisite "strong inference" of fraud may be established by either: (i) alleging facts to show that defendants had both motive and opportunity to commit fraud; or (ii) alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness.'" Lerner, supra, 459 F.3d at 290-291; see also State Farm Mut. Auto. Ins. Co. v. Grafman, 655 F. Supp. 2d 212, 227 (E.D.N.Y. 2010).

Although GEICO need only plead facts showing that the Defaulting Defendants either had both the motive and opportunity to commit fraud or facts demonstrating strong circumstantial evidence of conscious misbehavior or recklessness, the Complaint pleads facts establishing scienter through either standard.

For example, the Complaint pleads detailed facts establishing that the Defaulting Defendants knowingly participated in a series of interrelated fraudulent schemes in which the Defendants, including the Defaulting Defendants, used professional healthcare corporations as vehicles to submit large-scale fraudulent No-Fault insurance billing to GEICO and other insurers. The Complaint specifies that the Defaulting Defendants not only knew that they were making affirmative misrepresentations and were submitting fraudulent claims for medical services to GEICO, but that they did so intentionally as part of a calculated scheme to profit from payment of the claims, and that they actively misrepresented and concealed information from the Department of Education and others in an effort to prevent GEICO from discovering that

Therapeutic Chiro was fraudulently licensed and that the claims were fraudulent. See Docket No. 1, ¶¶ 2-6, 30-91, 129-143, 291-324, 335-368.

The Complaint further pleads detailed facts that the Defaulting Defendants acted, at minimum, with a reckless disregard for the harm that their misrepresentations might cause to GEICO. See Docket No. 1, ¶¶ 32-6, 30-91, 129-143, 291-324, 335-368. As such, scienter is manifest. See Powers v. British Vita, P.L.C., 57 F.3d 176, 184 (2d Cir. 1995); See also Lyons, supra, 2016 U.S. Dist. LEXIS 124383; Badia, supra, 2015 U.S. Dist. LEXIS 35224; GEICO v. Alrof, Inc., 2013 U.S. Dist. LEXIS 135880 (E.D.N.Y. 2013); Infinity Health Prods., supra, 2012 U.S. Dist. LEXIS 58058; Hollis Med. Care, P.C., supra, 2011 U.S. Dist. LEXIS 130721 at fn. 11 (scienter sufficiently pleaded where professional corporation was used as a vehicle to submit fraudulent claims and managed so as to maximize the number of fraudulent claims that could be submitted).

The Complaint also satisfies the scienter element because it sets forth specific facts demonstrating both a motive and the opportunity to commit fraud. Badia, supra, 2015 U.S. Dist. LEXIS 35224. "Motive entails concrete benefits that could be realized by one or more of the false statements and wrongful nondisclosures alleged, and opportunity entails the means and likely prospect of achieving concrete benefits by the means alleged." Shields v. Citytrust Bancorp, 25 F.3d 1124, 1130 (2d Cir. 1994). In this case, the fraudulent scheme undertaken by the Defaulting Defendants not only had a "likely prospect of achieving concrete benefits" by their scheme, but it actually did realize "concrete benefits" inasmuch as the Defaulting Defendants successfully stole $396,002.73 from GEICO. See Docket No. 1, passim; see also Weir Decl., ¶ 8.

14

Multiple Courts within this District have held substantially similar allegations sufficient to establish scienter. See, e.g., Parkway Med. Care, P.C., supra, 2017 U.S. Dist. LEXIS 24994; Spectrum Neurology Group, LLC, supra, 2016 U.S. Dist. LEXIS 19960; Badia, supra, 2015 U.S. Dist. LEXIS 35224; Accurate Med., supra, 2014 U.S. Dist. LEXIS 174503; Gateva, supra, 2014 U.S. Dist. LEXIS 44878; Infinity Health Prods., supra; 2012 U.S. Dist. LEXIS 58058; Lyons, supra, 843 F. Supp. 2d at 373; Damien, supra, 2011 U.S. Dist. LEXIS 13865; Allstate Insurance. Co. v. Etienne, 2010 U.S. Dist. LEXIS 113995 (E.D.N.Y. 2010).

Third, the allegations in the Complaint more than sufficiently allege that GEICO reasonably and justifiably relied upon the Defaulting Defendants' misrepresentations and billing submissions. See Lyons, supra, 2016 U.S. Dist. LEXIS 124383; Badia, supra, 2015 U.S. Dist. LEXIS 35224; Lyons, supra, 843 F. Supp. 2d at 374-375; Accurate Med., supra, 2014 U.S. Dist. LEXIS 174503. A plaintiff satisfies the justifiable reliance element sufficient to state a fraud claim so long as its reliance was not so "utterly unreasonable, in light of the information open to [it], that the law may properly say that [its] loss is [its] own responsibility." Transamerica Ins. Finance Corp. v. Fireman's Fund Ins. Co., 1992 U.S. Dist. LEXIS 17633 at * 23 (S.D.N.Y. 1992).  In addition, because the representations and/or omissions are matters that were within the exclusive knowledge of the Defaulting Defendants, they cannot challenge the reasonableness of GEICO's reliance. See Lazard Freres & Company v. Protective Life Insurance Company, 108 F.3d 1531, 1542 (2d Cir. 1997) (interpreting New York Law and citing Mallis v. Bankers Trust Company, 615 F.2d 68, 80 (2d Cir. 1980).

In the present case, GEICO's Complaint not only pleads actual reliance, it also pleads the factual basis for GEICO's reliance, thereby explaining why it was justifiable. Specifically, facts demonstrating – among other things – that: (i) the claims for payment submitted were falsely verified

15

by the Defaulting Defendants; (ii) the Defaulting Defendants acted to conceal their fraud; and (iii) GEICO was under statutory and contractual obligations to process the Defaulting Defendants' claims within 30 days, which forced GEICO to rely on the Defaulting Defendants' facially-valid submissions. See Docket No. 1, ¶¶ 354-368. Indeed, pursuant to Section 403 of the New York State Insurance Law, all claim forms are required to be verified subject to the following warning:

> Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime … .

Id. at ¶ 47.

Thus, the Defaulting Defendants knew that every claim form they signed and submitted verified that the information they provided was truthful and that the submission of any materially false information or concealment was a crime.

In this context, Courts regularly have found that insurers justifiably may rely on claims forms submitted in support of reimbursement under New York No-Fault laws.  See Spectrum Neurology Group, LLC, supra, 2016 U.S. Dist. LEXIS 19960 (plaintiff sufficiently alleged reasonable reliance by explaining GEICO's duties under the no-fault laws, and by claiming that GEICO made payments in reliance on the fact that the bills appeared, on their face, to have been submitted in accordance with the law); Lyons, supra, 2016 U.S. Dist. LEXIS 124383; Badia, supra, 2015 U.S. Dist. LEXIS 35224; Sanni-Thomas, supra, 2015 U.S. Dist. LEXIS 135117; Simakovsky, supra, 2015 U.S. Dist. LEXIS 13567; Williams, supra, 2015 U.S. Dist. LEXIS 126020; Accurate Med., supra, 2014 U.S. Dist. LEXIS 174503; Gateva, supra, 2014 U.S. Dist. LEXIS 44878; Li-Elle Serv., supra,  2013 U.S. Dist. LEXIS 31630; Damien, supra, 2011 U.S. Dist. LEXIS 13865; Lyons, supra, 843 F. Supp. 2d at 375; Halima, supra 2009 U.S. Dist. LEXIS

22443; <u>Liguori</u>, <u>supra</u>, 589 F. Supp. 2d at 227, 238; <u>AIU Insurance Co. v. Olmecs Med. Supply, Inc.</u>, 2005 U.S. Dist. LEXIS 29666 at *45-47 (E.D.N.Y. 2005).

Finally, GEICO has established the requisite injury. The Complaint alleges that GEICO was injured as a result of the fraudulent scheme perpetrated by the Defaulting Defendants in that it paid $379,302.69 to the Defaulting Defendants in reliance on the facially valid billing submitted through Therapeutic Chiro, reasonably believing that it had an obligation to do so. <u>See</u> Weir Decl., ¶ 8 and Exhibit "1" annexed thereto (setting forth the actual amounts GEICO paid to Therapeutic Chiro that it seeks to recover in this action); <u>See also</u> <u>Accurate Med.</u>, <u>supra</u>, 2014 U.S. Dist. LEXIS 174503; <u>Lyons</u>, <u>supra</u>, 2016 U.S. Dist. LEXIS 124383; <u>Badia</u>, <u>supra</u>, 2015 U.S. Dist. LEXIS 35224; <u>Scheer</u>, <u>supra</u>, 2014 U.S. Dist. LEXIS 141431; <u>Gateva</u>, <u>supra</u>, 2014 U.S. Dist. LEXIS 44878; <u>Li-Elle Serv.</u>, 2013 U.S. Dist. LEXIS 31630; <u>Damien</u>, <u>supra</u>, 2011 U.S. Dist. LEXIS 13865. Accordingly, GEICO is entitled to default judgment on its Thirty-Fourth Cause of Action for fraud against the Defaulting Defendants in the total amount of $396,002.73 <u>See</u> Weir Decl., ¶¶ 3-4, 7-8.

### C.   GEICO is Entitled to Default Judgments against the Defaulting Defendants on its Cause of Action for Unjust Enrichment

GEICO's Complaint also establishes its claim for unjust enrichment. Recovery for unjust enrichment requires allegations establishing that: (i) the Defaulting Defendants were enriched; (ii) at GEICO's expense; and (iii) that equity and good conscience require restitution. <u>See</u> <u>Kaye v. Grossman</u>, 202 F.3d 611, 616 (2d Cir. 2000); <u>Golden Pacific Bancorp v. F.D.I.C.</u>, 273 F.3d 509, 519 (2d Cir. 2001). <u>See also</u> <u>Accurate Med.</u>, <u>supra</u>, 2014 U.S. Dist. LEXIS 174503; <u>Parkway Med. Care, P.C.</u>, <u>supra</u>, 2017 U.S. Dist. LEXIS 24994; <u>Badia</u>, <u>supra</u>, 2015 U.S. Dist. LEXIS 35224; <u>Gateva</u>, <u>supra</u>, 2014 U.S. Dist. LEXIS 44878; <u>Li-Elle Serv.</u>, 2013 U.S. Dist. LEXIS 31630 (finding that "equity and good conscience requires restitution" when the defendant

17

"received [no-fault reimbursement] payouts on claims that were either inflated or fabricated"). Given the allegations detailing the fraudulent scheme committed against GEICO by the Defaulting Defendants, GEICO has more than sufficiently established a claim for unjust enrichment against the Defaulting Defendants in the total amount of $396,002.73. See Docket No. 1, passim; Weir Decl. at ¶ 8 and Exhibit "1" annexed thereto.

> ### D.   GEICO is Entitled to a Default Judgment against Hershkowitz on its Substantive RICO 18 U.S.C. § 1962(c) Causes of Action

To state a legally-sufficient RICO claim, a plaintiff must establish that: (i) the defendant; (ii) through the commission of two or more predicate acts; (iii) constituting a pattern; (iv) of racketeering activity; (v) directly or indirectly participated; (vi) in an enterprise; (vii) the activities of which affected interstate commerce. Moss v. Morgan Stanley, Inc., 719 F.2d 5, 17 (2d Cir. 1993) (citing 18 U.S.C. § 1962(a) (c)). See also CPT Med. Servs., P.C., supra, 2008 U.S. Dist. LEXIS 71156, at *33. Given the benefit of all legitimate inferences that can be drawn from the facts alleged in the Complaint, GEICO meets these requirements and has shown that Hershkowitz violated the RICO statute. See Lyons, supra, 2016 U.S. Dist. LEXIS 124383; Allstate Ins. Co. v. Nazarov, 2015 U.S.Dist. LEXIS 134481 (E.D.N.Y. 2015), adopted by 2015 U.S. Dist. LEXIS 135718 (E.D.N.Y. 2015).

> ### 1.   The Enterprise

The RICO statute defines an "enterprise" as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." See 18 U.S.C. § 1961(4). In the present case, GEICO has alleged that the professional corporation, i.e. Therapeutic Chiro, owned by Hershkowitz, constitutes an individual RICO enterprise. See Docket No. 1, ¶ 581and passim. See, e.g., Accurate Med., supra, 2014 U.S. Dist. LEXIS 174503; Lyons, supra, 2016 U.S. Dist. LEXIS 124383; Badia, supra,

18

2015 U.S. Dist. LEXIS 35224; <u>Sanni-Thomas</u>, <u>supra</u>, 2015 U.S. Dist. LEXIS 135117; <u>Williams</u>, <u>supra</u>, 2015 U.S. Dist. LEXIS 126020; <u>Gateva</u>, <u>supra</u>, 2014 U.S. Dist. LEXIS 44878 at *15-16; <u>Damien</u>, <u>supra</u>, 2011 U.S. Dist. LEXIS 13865, at *18-19; <u>Lyons</u>, <u>supra</u>, 843 F. Supp. 2d at 367-369.

### 2.	The Racketeering Activity

Pursuant to U.S.C. § 1961(1)(B), "racketeering activity" is comprised of specific enumerated crimes, including mail fraud. <u>See</u> 18 U.S.C. § 1961(1)(B). Under the statute, a complaint must plead at least two predicate acts of "racketeering activity." <u>See</u> <u>Valley Physical Medicine & Rehabilitation, P.C.</u>, <u>supra</u>, 2009 U.S. Dist. LEXIS 91291 at *16–20. The predicate acts alleged in the Complaint consist of numerous violations of the federal mail fraud statute, 18 U.S.C. § 1341, based upon the use of the mails to submit fraudulent billing to GEICO. <u>See</u> <u>Grafman</u>, <u>supra</u>, 655 F. Supp. 2d 212 at 227 (mail fraud requires that the pleading allege that defendants engaged in: (i) a scheme to defraud; (ii) to get money or property; (iii) furthered by the use of the mails). The claim/billings chart attached to the Complaint as Exhibit "9", coupled with the specific references within the Complaint demonstrating the pervasive nature of the fraudulent billing practices, which involved the use of the United States mail system, sufficiently alleges the requisite predicate acts and provided the Defaulting Defendants with specific notice of their role in the fraud and the specific fraudulent activity attributable to them, including the dates on which the fraudulent billing was mailed by Therapeutic Chiro to GEICO. <u>See</u> <u>Accurate Med.</u>, <u>supra</u>, 2014 U.S. Dist. LEXIS 174503; <u>Lyons</u>, <u>supra</u>, 2016 U.S. Dist. LEXIS 124383; <u>Badia</u>, <u>supra</u>, 2015 U.S. Dist. LEXIS 35224; <u>Sanni-Thomas</u>, <u>supra</u>, 2015 U.S. Dist. LEXIS 135117; <u>Williams</u>, <u>supra</u>, 2015 U.S. Dist. LEXIS 126020; <u>Simakovsky</u>, <u>supra</u>, 2015 U.S. Dist. LEXIS 13567; <u>Allstate Ins. Co. v. Mirvis</u>, 2015 U.S. Dist. LEXIS 37780 (E.D.N.Y. Mar. 2015),

adopted by 2015 U.S. Dist. LEXIS 44669 (E.D.N.Y. Mar. 2015); Scheer, supra, 2014 U.S. Dist.
LEXIS 141431; Gateva, supra, 2014 U.S. Dist. LEXIS 44878; Smirnov, supra, 2013 U.S. Dist.
LEXIS 138180; Esses, supra, 2013 U.S. Dist. LEXIS 184213; Hollis Med. Care, P.C., supra,
2011 U.S. Dist. LEXIS 130721 at *25; Liguori, supra, 589 F. Supp. 2d at 235-237; CPT Med.
Servs., P.C., supra, 2008 U.S. Dist. LEXIS 71156 at *39-40 (all finding predicate acts to be
sufficiently pleaded under analogous circumstances).

### 3. The Participation

In the RICO context, "participation" means "participation in the operation or
management of the enterprise." De Falco v. Bernas, 244 F.3d 286, 309 (2d Cir. 2001). Under the
"operation or management" test, to participate, directly or indirectly, in the conduct of an
enterprise's affairs, "one must have some part in directing those affairs." Id. RICO liability is not
limited to those with primary responsibility, nor to those with a formal position in the enterprise,
but rather only requires that the individual had some part in directing the enterprise's affairs. Id.

In this context, Hershkowitz clearly "participated" in Therapeutic Chiro's enterprise and
did so in a manner sufficient to support RICO liability. As the Complaint alleges, Hershkowitz
knowingly submitted or caused to be submitted through Therapeutic Chiro thousands of
fraudulent charges on a continuous basis for over three years. See Docket No. 1, ¶ 582-583.
Hershkowitz sought payments that he was not eligible to receive under New York law because
(i) the bills misrepresented and exaggerated the level and nature of the Fraudulent Services that
were provided; (ii) the billed-for Fraudulent Services were not medically necessary; (iii) the
billed-for Fraudulent Services were performed and billed pursuant to a pre-determined,
fraudulent treatment and billing protocol designed solely to enrich the Defaulting Defendants;
(iv) the billed-for Fraudulent Services were performed and billed pursuant to kickbacks; (v) the

20

billed-for Fraudulent Services were performed by independent contractors rather than by employees; and (vi) in many cases, the billed-for Fraudulent Services were not performed at all. Id. at ¶¶ 2-6, 30-91, 129-143, 291-324, 335-368.

These "participation" allegations are sufficient to plead civil RICO claims against Hershkowitz.  Liberty Mut. Ins. Co. v. Excel Imaging, P.C., 879 F. Supp. 2d 243, 263-264 (E.D.N.Y. 2012) ("Liberty Insurance's allegations that Excel was owned and controlled by the Management Defendants and that the Nominal Owner Defendants agreed to serve as the 'paper' owners of Excel in exchange for a fee are sufficient to support the claim that the defendants actively participated in the creation or management of Excel."); Allstate Ins. Co. v. Bogoraz, 818 F. Supp. 2d 544, 552-553 (E.D.N.Y. 2011) (allegations that the physician served as nominal owner of fraudulently incorporated professional corporation/RICO enterprise sufficient to allege that the physician participated in the operation and management of the enterprise).  See also Accurate Med., supra, 2014 U.S. Dist. LEXIS 174503; Lyons, supra, 2016 U.S. Dist. LEXIS 124383; Sanni-Thomas, supra, 2015 U.S. Dist. LEXIS 135117; Williams, supra, 2015 U.S. Dist. LEXIS 126020; Simakovsky, supra, 2015 U.S. Dist. LEXIS 13567; Mirvis, supra, 2015 U.S. Dist. LEXIS 37780; Scheer, supra, 2014 U.S. Dist. LEXIS 141431; Gateva, supra, 2014 U.S. Dist. LEXIS 44878; Smirnov, supra, 2013 U.S. Dist. LEXIS 138180; Damien, supra, 2011 U.S. Dist. LEXIS 13865;  Halima, supra, 2009 U.S. Dist. LEXIS 22443.

### 4.    The Pattern

RICO provides that a "pattern of racketeering activity" must consist of "at least two acts of racketeering activity" undertaken within 10 years. See 18 U.S.C. § 1961(5). To establish a "pattern" sufficient to satisfy the statute, the Complaint must allege facts tending to show that "the racketeering predicates are related, and that they amount to or pose a threat of continued

criminal activity." <u>Valley Physical Medicine & Rehabilitation, P.C.</u>, <u>supra</u>, 2009 U.S. Dist. LEXIS 91291 at *11. The continuity necessary to prove a RICO pattern can be alleged either as closed-ended continuity, or open-ended continuity. <u>See</u> <u>Spool v. World Child Int'l Adoption Agency</u>, 520 F.3d 178, 183 (2d Cir. 2008).

Plaintiff has satisfied the "relatedness" prong of the pattern inquiry, inasmuch as GEICO alleged that Hershkowitz submitted thousands of fraudulent No-Fault insurance claims to GEICO through Therapeutic Chiro in which he misrepresented Therapeutic Chiro's eligibility to collect No-Fault benefits and the medical necessity of the billed-for services. <u>See</u>, <u>e.g.</u>, <u>H.J. Inc. v. Northwestern Bell Telephone Co.</u>, 492 U.S.  229, 240 (1989) (predicate acts are related if they "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events."); <u>Damien</u>, <u>supra</u>, 2011 U.S. Dist. LEXIS 138365 at * 18 (insurer sufficiently alleged relatedness where it alleged a "vast number of similar fraudulent claims filed by" the defendants); <u>Cohan</u>, <u>supra</u>, 2009 U.S. Dist. LEXIS 125653 at * 29 - * 30 (relatedness satisfied where defendant submitted large number of allegedly fraudulent no-fault insurance claims to a plaintiff-insurer).

To establish open-ended continuity, a plaintiff need not show that the predicate acts extended over a substantial period of time, but rather "must show that there was a threat of continuing criminal activity beyond the period during which the predicate acts were performed." <u>Bernas</u>, <u>supra</u>, 244 F.3d at 323; <u>see also</u> <u>SKS Constructors, Inc. v. Drinkwine</u>, 458 F. Supp. 2d 68, 78 (E.D.N.Y. 2006). "The key considerations to the question of open ended continuity are the nature of the enterprise and the predicate acts alleged. … If the enterprise alleged is engaged in 'inherently unlawful' acts, there is a threat of continuing criminal activity and open ended continuity exists." <u>Id</u>. (Internal citation omitted).

"On the other hand, if the enterprise is engaged in a legitimate business, an allegation of open ended continuity requires evidence supporting an inference that the predicate acts are the regular way of doing business, or that the nature of the predicate acts themselves implies a threat of continuing criminal activity." SKS Constructors, Inc., supra, 458 F. Supp. 2d at 78. "A threat of continuity may be established where the predicate acts are inherently unlawful and were made in pursuit of inherently unlawful goals even if … the period spanned by the racketeering acts was short. … Essentially, if the nature of the acts indicate that the defendants had a continuing intent and ability to carry on the racketeering activity, a threat of continuity is established." Metro. Transp. Auth. v. Contini, 2005 WL 1565524 at *4 (E.D.N.Y. 2005).

By these metrics, GEICO has sufficiently pleaded open-ended continuity. First, the Complaint alleges that the Therapeutic Chiro enterprise engaged in inherently unlawful acts – to wit, that it submitted thousands of fraudulent claims to GEICO and other New York automobile insurers, and subsequently continued to attempt collection on the fraudulent claims after the predicate acts of mail fraud occurred. See Docket No. 1, passim; Weir Decl., ¶¶ 7-8, 10-12 and Exhibits "2" and "3" annexed thereto. In addition, GEICO has alleged that these inherently unlawful acts were taken in pursuit of inherently unlawful goals – namely, the theft of money from GEICO and other insurers through the submission of fraudulent No-Fault bills. Id. See, e.g., Lyons, supra, 843 F. Supp. 2d at 369-370 (open-ended pattern sufficiently pleaded where, "[i]n light of the Complaint's allegations of fraudulent incorporation and of the very numerous and regular inflated billings, it is reasonable to infer that the PCs operated by defendants existed for criminal purposes"); Cohan, supra, 2009 U.S. Dist. LEXIS 125653 at *30 (open-ended pattern sufficiently pleaded where the pattern "continue[d] with the attempts by the Dental PCs to collect payment from the plaintiff"); State Farm Mut. Auto. Ins. Co. v. Kalika, 2006 U.S. Dist. LEXIS

97454 at *46 (E.D.N.Y. 2006) (open-ended pattern sufficiently pleaded where "defendants [were] seeking to collect additional amounts on claims submitted but not yet paid").  See also Parkway Med. Care, P.C., supra, 2017 U.S. Dist. LEXIS 24994; Lyons, supra, 2016 U.S. Dist. LEXIS 124383; Badia, supra, 2015 U.S. Dist. LEXIS 35224; Sanni-Thomas, supra, 2015 U.S. Dist. LEXIS 135117; Williams, supra, 2015 U.S. Dist. LEXIS 126020; Simakovsky, supra, 2015 U.S. Dist. LEXIS 13567; Accurate Med., supra, 2014 U.S. Dist. LEXIS 174503; Scheer, supra, 2014 U.S. Dist. LEXIS 141431.

Second, even assuming that Therapeutic Chiro – an unlawfully incorporated professional corporation that exists for the purpose of submitting fraudulent No-Fault claims – could be considered a "legitimate business", GEICO has alleged that the predicate acts of mail fraud are the regular way that Therapeutic Chiro operated, and that Hershkowitz continued to seek collection on thousands of fraudulent charges after the predicate acts of mail fraud occurred, as part of his and Therapeutic Chiro's regular way of operating.

Specifically, the Complaint alleges that "[t]he predicate acts of mail fraud are the regular way in which Hershkowitz [] operated Therapeutic Chiro, inasmuch as that Therapeutic Chiro never was eligible to bill for or collect No-Fault Benefits, and acts of mail fraud therefore were essential in order for Therapeutic Chiro to function." See Docket No. 1, ¶ 583. Moreover, these allegations are not made in a vacuum – rather, they are the culmination of a series of allegations that specify why Therapeutic Chiro has never been eligible to bill for or to collect No-Fault benefits (see Id. at ¶¶ 2-6, 30-91, 129-143, 291-324, 335-368), and how Hershkowitz participated in a pattern of using Therapeutic Chiro as a vehicle to submit fraudulent No-Fault claims while simultaneously attempting to conceal the fact of its ineligibility. Id. Simply put, GEICO has satisfied the open-ended

24

continuity requirement because its factual allegations establish that predicate acts of mail fraud are the regular way in which Hershkowitz operated Therapeutic Chiro.

Third, GEICO has alleged that "the intricate planning required to carry out and conceal the predicate acts of mail fraud implies a threat of continued criminal activity . . . ." See Docket No. 1, ¶ 583. Again, these allegations are not made in a vacuum. Rather, they are the culmination of a series of allegations recounting how Hershkowitz and the other Defendants used Therapeutic Chiro to submit large-scale fraudulent billing to GEICO and other insurers, while at the same time taking considerable steps to conceal the fact that the billing submitted through Therapeutic Chiro was, or is, illegitimate. See Id. at ¶¶ 582-584. This was done all while continuing the criminal activity through, among other things, the Defaulting Defendants' hiring of law firms to pursue collection on the Fraudulent Services from GEICO and other insurers. Id. ¶ 366. See also Weir Decl., ¶¶ 10-12.

Accordingly, GEICO's substantive civil RICO cause of action (i.e. the Thirty Second Cause of Action) is legally sufficient and a default judgment should be issued against Hershkowitz in the total amount of $396,002.73, trebled to $1,188,008.19. See Weir Decl., ¶¶ 3-4, 7-8.

### E.   GEICO is Entitled to a Default Judgment Against Hershkowitz on its Substantive RICO 18 U.S.C. § 1962(d) Cause of Action

The Second Circuit has summarized the requirements of a RICO conspiracy as follows:

> To establish a RICO conspiracy, the government must prove that a defendant agreed to participate in the affairs of the enterprise through a pattern of racketeering activity. However, in Salinas v. United States, 522 U.S. 52, 118 S. Ct. 469, 139 L. Ed. 2d 352 (1997), the Supreme Court made clear that to establish this pattern, the government need not prove that the defendant himself agreed that he would commit two or more predicate acts. … a defendant need only know of, and agree to, the general criminal objective of a jointly undertaken scheme. ...

25

> It is well-settled that a conspirator need not be fully informed about his co-conspirators' specific criminal acts provided he agreed to participate in the broader criminal conspiracy and the acts evincing participation were not outside of the scope of the illegal agreement.  "A conspiracy may exist even if a conspirator does not agree to commit or facilitate each and every part of the substantive offense.  The partners in the criminal plan must agree to pursue the same criminal objective and may divide up the work, yet each is responsible for the acts of each other." Salinas, 522 U.S. at 63-64 (internal citation omitted) ….

United States v. Yanotti, 541 F.3d 112, 121-22 (2d Cir. 2008); see also Morin v. Trupin, 835 F. Supp. 126 (S.D.N.Y. 1993).

Measured against the above standard, GEICO's RICO conspiracy claims against the Hershkowitz are legally sufficient. See Accurate Med., supra, 2014 U.S. Dist. LEXIS 174503 (Mann, J.); Lyons, supra, 2016 U.S. Dist. LEXIS 124383; Badia, supra, 2015 U.S. Dist. LEXIS 35224; Sanni-Thomas, supra, 2015 U.S. Dist. LEXIS 135117; Williams, supra, 2015 U.S. Dist. LEXIS 126020; Simakovsky, supra, 2015 U.S. Dist. LEXIS 13567; Mirvis, supra, 2015 U.S. Dist. LEXIS 37780; Scheer, supra, 2014 U.S. Dist. LEXIS 141431; Gateva, supra, 2014 U.S. Dist. LEXIS 44878; Smirnov, supra, 2013 U.S. Dist. LEXIS 138180; Esses, supra, 2013 U.S. Dist. LEXIS 184213; Hollis Medical Care, P.C., supra, 2011 U.S. Dist. LEXIS 130721, at *31-32; Valley Phys. Medicine, supra, 2009 U.S. Dist. LEXIS 91291, at *7; CPT Medical Servcs., P.C., supra, 2008 U.S. Dist. LEXIS 71156, at *14.

GEICO not only has alleged that Hershkowitz, along with the other Defendants, perpetuated and agreed to participate in the fraudulent scheme implemented at the Ralph Ave Clinic, but Hershkowitz had knowledge – as the nominal owner of Therapeutic Chiro and a key participant in the scheme – of his role and the roles of his co-conspirators in committing numerous predicate acts of mail fraud. See Docket No. 1, ¶¶ 588-591, and passim.

26

**III.**   **GEICO is Entitled to Treble Damages on its RICO Claims**

Under the civil RICO statute, GEICO is entitled to recover treble damages. See 18 U.S.C. §1964(c). Accordingly, GEICO should be awarded judgment in the amount of $1,188,008.19 on its RICO claims against Hershkowitz, representing three times the actual amount that GEICO paid in reliance on the billing that was submitted or caused to be submitted by Hershkowitz through Therapeutic Chiro. See Kam Decl., Exhibit "B"; Weir Decl. ¶¶ 3-4, 7-8. See also Lyons, supra, 2016 U.S. Dist. LEXIS 124383; Badia, supra, 2015 U.S. Dist. LEXIS 35224; Sanni-Thomas, supra, 2015 U.S. Dist. LEXIS 135117; Williams, supra, 2015 U.S. Dist. LEXIS 126020; Simakovsky, supra, 2015 U.S. Dist. LEXIS 13567; Scheer, supra, 2014 U.S. Dist. LEXIS 141431; Prescott, supra, 1:14-cv-00057; Accurate Med., supra, 2014 U.S. Dist. LEXIS 174503; Gateva, supra, 2014 U.S. Dist. LEXIS 44878; Damien, supra, 2011 U.S. Dist. LEXIS 13865; Allstate Ins. Co. v. Howell, 2013 WL 5447152 (E.D.N.Y. 2013).

**IV.**   **GEICO is Entitled to Pre-Judgment Interest on its Fraud Claims**

GEICO is entitled to pre-judgment interest against the Defaulting Defendants on its fraud claims. See Tosto v. Zelaya, 2003 U.S. Dist. LEXIS 8085, at *23-24 (S.D.N.Y. 2003). Under New York law, an award of pre-judgment interest on damages for fraud is mandatory. See Manufacturers Hanover Trust Co. v. Drysdale Sec. Corp., 801 F.2d 13, 28 (2d Cir.1986).

The award of prejudgment interest is a substantive issue, governed here by the state substantive law of the forum state in which the federal court sits, namely New York law. See Terwilliger v. Terwilliger, 206 F.3d 240, 249 (2nd Cir. 2000); Schwimmer v. Allstate Ins. Co., 176 F.3d 648, 650 (2d Cir. 1999). The source of the right to pre-judgment interest in New York is set forth in N.Y. C.P.L.R. § 5001. Specifically, C.P.L.R. § 5001(b) states that "[i]nterest shall be computed from the earliest ascertainable date the cause of action existed". Furthermore, pre-

27

judgment interest is calculated at the non-compounded rate of nine percent per annum. N.Y. C.P.L.R. §§ 5001(a), 5004. See also Infinity Health Prods., supra, 2012 U.S. Dist. LEXIS 58058. Here, it is suggested that interest be calculated from the first day following the year in which the payments were made on the fraudulent claims by GEICO to Defendants. See, e.g., American Home Assurance Co. v. Morris Industrial Builders, Inc., 192 A.D.2d 477, 597 N.Y.S.2d 27, 28 (2d Dept. 1993) (applying pre-judgment interest according to dates when payments made by insurer to its insured).  This method is consistent with the purpose of pre-judgment interest, which is to "compensate plaintiffs for the use of funds that were wrongfully diverted by the defendant."  Lewis v. S.L. & E., Inc., 831 F.2d 40 (2d Cir. 1987); see also Badia, supra, 2015 U.S. Dist. LEXIS 35224; Li-Elle Serv., supra, 2013 U.S. Dist. LEXIS 31630 (E.D.N.Y. 2013).

GEICO's proposed pre-judgment interest calculation under this method (a method more conservative than that permitted under the CPLR) totals $142,531.86 and is described in Exhibit "C" attached to the Kam Declaration.

Accordingly, with respect to GEICO's Thirty-Fourth and Thirty-Fifth Causes of Action, GEICO is entitled to pre-judgment interest against Defaulting Defendants Therapeutic Chiro and Hershkowitz in the amount of $142,531.86.

**CONCLUSION**

For the aforementioned reasons, GEICO's motion for default judgment against the

Defaulting Defendants should be granted as set forth herein.

Dated: Uniondale, New York
        December 13, 2018

                                        Respectfully submitted,

                                        RIVKIN RADLER LLP


                                        By:      /s/ *Priscilla D. Kam*
                                                 Barry I. Levy, Esq. (BL 2190)
                                                 Michael A. Sirignano, Esq. (MS 5263)
                                                 Priscilla D. Kam, Esq. (PK 1505)
                                                 926 RXR Plaza
                                                 Uniondale, NY 11556-0926
                                                 Tel.: (516) 357-3000
                                                 Fax: (516) 357-3333

                                                 *Counsel for Plaintiffs Government
                                                 Employees Insurance Company, GEICO
                                                 Indemnity Company, GEICO General
                                                 Insurance Company, and GEICO Casualty
                                                 Company*