

**GTPC GARY TSIRELMAN P.C.**

ATTORNEYS & COUNSELORS AT LAW

129 LIVINGSTON STREET
SECOND & THIRD FLOORS
BROOKLYN, NY 11201
T: (718) 438-1200 • F: (718) 438-8883
nbowers@gtmdjd.com

| Gary TSIRELMAN M.D. | David GOTTLIEB | Douglas MACE |
| Darya KLEIN | Stefan BELINFANTI | Jennifer RAHEB |
| Selina CHIN | Nicholas BOWERS | Evan POLANSKY |

2/5/2019

BY ECF
Honorable Jack B. Weinstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** *Government Employees Insurance Company, et al., v. A.R.A. Medical Care P.C., et al., Index No. 18-cv-02852*; **Request to Adjourn Conference and Extend Time to Oppose Motion**

Dear Judge Weinstein:

We write on behalf of Defendants David Hershkowitz, D.C., and Therapeutic Chiropractic Services, P.C., (hereinafter "Moving Defendants") to request an extension of time to file opposition papers to Plaintiffs' motion for a default judgment against Moving Defendants and a concomitant adjournment of the hearing on the matter scheduled for February 13, 2019.

Moving Defendants request the following briefing schedule:

i. Moving Defendants' file their opposition to Plaintiffs' motion for a default judgment and a simultaneous cross-motion to vacate the entries of default against Moving Defendants by March 8, 2019;

ii. Plaintiffs serve their opposition and reply by March 22, 2019;

iii. Moving Defendants serve their reply to Moving Defendants' cross-motion by March 29, 2019; and

iv. the hearing currently scheduled for February 13, 2019, is adjourned to any date after March 29, 2019 convenient for the Court.

Moving Defendants require this extension and adjournment to fully address Plaintiff's thorough motion for a default judgment in this complex matter. Moving Defendants also require the additional time to fully investigate the facts underlying Moving Defendants' prior attorneys' failure to participate in this matter and

allowing Moving Defendants to default so that those facts may be presented in a simultaneous cross-motion to vacate the entries of default against Moving Defendants.

Current counsel for Moving Defendants was retained on January 23, 2019. Counsel promptly contacted Plaintiffs' counsel early last week in an attempt to resolve the pending motion for default judgment and potentially settle the entire matter. Plaintiffs' counsel responded to Moving Defendants on February 4, 2019, refusing Moving Defendants' settlement offer and declining to vacate the entries of default against Moving Defendants. Shortly thereafter, the undersigned requested consent for the instant extension and adjournment request, which Plaintiffs denied.

Plaintiffs do not consent to the adjournment or the extension. Plaintiffs' opposition is based upon a conversation between the parties' counsel in which Defendants' counsel indicated that because Plaintiffs' counsel refused to vacate the defaults despite the fact they were due solely to the failure of prior counsel to participate in the case in a timely manner, counsel for Defendants could not extend any future courtesies to Plaintiffs' counsel. Plaintiffs' counsel therefore maintains that they cannot recommend that Plaintiffs grant Moving Defendants any courtesies, including adjourning the hearing and extending Moving Defendants' time to respond to Plaintiffs' motion for default judgment.

Should the Court grant the extension and adjournment, it would not affect any currently-scheduled conferences, hearings, or deadlines in this matter other than the hearing on February 13, 2019.

Thank you for your consideration of this letter.

Respectfully,
/s/ _____
Nicholas Bowers, Esq.
*Counsel for Parties Named Herein*
Gary Tsirelman P.C.
129 Livingston, 2nd Floor
Brooklyn NY 11201

Cc:  All Counsel via ECF